IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JENNIFER HEADLEY | * | |
| Plaintiff | * | |
| v. | * | Case No.:  1:14-cv-01436-EGS |
| INSUN S. HOFGARD, et al. | * | |
| Defendants | * | |

_____

| | |
|---|---|
| INSUN and JEFFERSON HOFGARD | * |
| Third-Party Plaintiffs | * |
| v. | * |
| EA CONTRACTOR INC. | * |
| 20900 Sandstone Square | |
| Sterling, VA  20165 | * |
| Serve on: | * |
| Edwin A. Aguirre | |
| 16044 Tippecanoe Terrace | * |
| Ashburn, VA  20147 | |
| | * |
| EDWIN AGUIRRE ARGUETA | |
| 8065 Community Drive | * |
| Manassas, VA  20109 | |
| | * |
| and | |
| | * |
| ABILIO ARGUETA | |
| 14533 Penderlea Court | * |
| Gainesville, VA  20155 | |
| | * |
| Third-Party Defendants | |

_____

# **THIRD-PARTY COMPLAINT**

{00304271v. (14160.00001)}

Insun S. Hofgard and Jefferson S. Hofgard, Defendants/Third-Party Plaintiffs, by their attorneys, Howard S. Stevens, Lisa D. Sparks and Wright, Constable & Skeen, LLP, file this Third-Party Complaint against the Third-Party Defendants identified herein and in support thereof allege as follows:

1. Plaintiff, Jennifer Headley, is an individual and citizen of the District of Columbia.

2. The Defendant Insun Hofgard is an individual and citizen of the Commonwealth of Virginia.

3. The Defendant Jefferson Hofgard is an individual and citizen of the Commonwealth of Virginia.

4. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332, because there is complete diversity of citizenship between the Plaintiff and the Defendants, and the amount alleged to be in controversy, exclusive of interest and costs, exceeds the sum of $75,000.

5. Upon information and belief, Third-Party Defendant Edwin Argueta ("E. Argueta") (possibly also known as "Edwin Aguirre") is an individual and citizen of the Commonwealth of Virginia.

6. Upon information and belief, Third-Party Defendant Abilio Argueta ("A. Argueta") is an individual and citizen of the Commonwealth of Virginia.

7. At all times relevant to this Third-Party Complaint, E. Agueta and A. Argueta have conducted business under the fictitious names of "Argueta Construction" and "EA Contractor."

8. Further, upon information and belief, E. Argueta and A. Argueta acted as the promoters and legal agents for the recently formed "EA Contractor Inc.", a Virginia corporation, and as such, EA Contractor Inc. may be liable for the acts and omissions of E. Argueta and A. Argueta that occurred prior to the formation of the corporation.

9. This action is appropriate to remain in this Court since there is complete diversity of citizenship since the Plaintiff is a resident of the District of Columbia, and the Defendants and Third-Party Defendants are citizens of Virginia.

## Statement of Alleged Facts

10. The Plaintiff has sued the Defendants for damages the Plaintiff alleges she has incurred under theories of a) violation of consumer protection laws, b) intentional misrepresentation, c) breach of contract, and d) unjust enrichment. A copy of the Complaint filed by the Plaintiff against the Defendants is attached hereto and incorporated herein by reference as Exhibit A.

11. The Defendants have filed an Answer to the Plaintiff's Complaint, denying liability to the Plaintiff under each of the counts. A copy of the Defendants' Answer is attached hereto and incorporated herein by reference as Exhibit B.

12. Notwithstanding the denial of any liability to the Plaintiff in this case, the Defendants as Third-Party Plaintiffs bring this action against the Third-Party Defendants (collectively referred to hereinafter as the "Arguetas") for the grounds set forth herein.

13. The Third-Party Defendants are construction contractors with their principal places of business located in the Commonwealth of Virginia.

14. At all times mentioned in the Complaint, the Arguetas were independent contractors hired by the Hofgards to provide construction, renovation and other related

residential general contracting services at 39 V Street, N.E., Washington D.C. (the "Property") that is identified in Plaintiff's Complaint.

15. At all times relevant to the allegations set forth in the Complaint, the Arguetas were solely responsible for the means and methods of construction at the Property, and the direction and control over work performed at the Property.

16. Plaintiff alleges that after she purchased the Property, she discovered various structural, roof, plumbing, gas, heating, ventilation, and air conditioning defects at the Property which were the result of defective, negligent and/or improper work performed at the Property, and that as a result of that defective and negligent construction work, she has incurred substantial additional costs and other monetary losses.

17. Notwithstanding the Hofgards' denial of liability to the Plaintiff, if it is determined that the Hofgards are liable to the Plaintiff for any of the damages allegedly incurred as a result of the allegedly defective construction work, then the Arguetas may be liable to the Hofgards for some or all such damages.

**Count I**
**Breach of Contract**

18. The facts and allegations of the preceding paragraphs are adopted and incorporated herein by reference.

19. The Hofgards contracted with the Arguetas to perform construction and general contracting services at the Property.

20. Plaintiff alleges that the Arguetas breached their contract with the Hofgards by failing to properly complete a total renovation of the Property and by performing defective and improper contracting work that failed to comply with the D.C. Building Code and industry standards, among other failures.

21. In the event that Plaintiff establishes that the Hofgards are responsible for any part of the Plaintiff's damages as alleged, then it will follow that the Arguetas breached their contract with the Hofgards, thereby causing damages to the Hofgards.

WHEREFORE, Insun Hofgard and Jefferson Hofgard demand the entry of a judgment in their favor and against Third-Party Defendants, EA Contractor, Inc., Edwin Argueta, and Abilio Argueta, both d/b/a EA Contractor and/or Argueta Construction, for all sums that may be awarded to Plaintiff and against Insun Hofgard or Jefferson Hofgard in this action, including counsel fees and expenses incurred in defending this action.

## Count II
### Negligence

22. The facts and allegations contained in preceding paragraphs are adopted and incorporated herein by reference.

23. The Hofgards engaged the Arguetas to renovate the Property in a workmanlike manner.

24. As professional construction contractors, the Arguetas owed the Hofgards a duty to exercise reasonable care in completing the Project work, such that all work performed was done safely and in compliance with all applicable codes and good industry practice.

25. The Arguetas were solely responsible for performing the renovation work on the Property and any defects therein are therefore attributable to the Arguetas and persons for whom the Arguetas have professional and contractual responsibility.

26. To the extent that it is determined that the Arguetas were negligent in providing their services, and it is determined that such negligence caused or contributed to damages suffered by the Plaintiff, then such findings constitute *prima facie* proof of the Arguetas' liability for the damages suffered by the Hofgards.

WHEREFORE, Insun Hofgard and Jefferson Hofgard demand the entry of a judgment in their favor and against Third-Party Defendants, EA Contractor, Inc., Edwin Argueta, and Abilio Argueta, both d/b/a EA Contractor and/or Argueta Construction, for all sums that may be awarded to Plaintiff and against Insun Hofgard or Jefferson Hofgard in this action, including counsel fees and expenses incurred in defending this action.

### Count III
### Indemnity

27. The facts and allegations contained in preceding paragraphs are adopted and incorporated herein by reference.

28. In the event that the Hofgards are found liable to the Plaintiff for any amounts, then the Hofgards are entitled to indemnity from the Arguetas for all such losses under the common law of the District of Columbia.

29. The Hofgards' right to indemnity arises by implication, in that there existed a special nature in the contractual relationship between the Hofgards and the Arguetas, and in that relationship, the Arguetas assumed, *inter alia,* the obligation to provide adequate and proper construction work which would comply with applicable codes and standards.

30. The Hofgards' right to indemnity also arises under tort, if it is proven that the Property contained defects and other negligent and incomplete work, and it is also determined that there is a great disparity in the fault of the Arguetas, as compared the fault (if any) of the Hofgards.

WHEREFORE, Insun Hofgard and Jefferson Hofgard demand the entry of a judgment in their favor and against Third-Party Defendants, EA Contractor, Inc., Edwin Argueta, and Abilio Argueta, both d/b/a EA Contractor and/or Argueta Construction, for all sums that may be

awarded to Plaintiff and against Insun Hofgard or Jefferson Hofgard in this action, including counsel fees and expenses incurred in defending this action.

### Count IV
### Contribution

31. The facts and allegations contained in preceding paragraphs are adopted and incorporated herein by reference.

32. The Arguetas, as individuals and a corporation that render general contracting services, may be deemed a joint tortfeasors with the Hofgards under certain circumstances.

33. While the Hofgards deny any negligence on their behalf, or on behalf of their agents, if at the time of trial it is determined that the combined negligence of the Hofgards and the Arguetas caused the damages that are sought by the Plaintiff, then the Arguetas are liable to the Hofgards for contribution.

WHEREFORE, Insun Hofgard and Jefferson Hofgard demand the entry of a judgment in their favor and against Third-Party Defendants, EA Contractor, Inc., Edwin Argueta, and Abilio Argueta, both d/b/a EA Contractor and/or Argueta Construction, for all sums that may be awarded to Plaintiff and against Insun Hofgard or Jefferson Hofgard in this action, including counsel fees and expenses incurred in defending this action.

Respectfully,

/s/     Howard S. Stevens
Howard S. Stevens, DC Bar No. 466924

/s/     Lisa D. Sparks
Lisa D. Sparks, DC Bar No. 991759
Wright, Constable & Skeen, LLP
100 N. Charles Street, 16th Floor
Baltimore, MD  21201
(410) 659-1300
*Attorneys for Insun Hofgard and Jefferson Hofgard*