**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JENNIFER HEADLEY           ) | |
| )| |
| Plaintiff           ) | |
| ) | |
| v.           ) | **Civil Action No. 14-01436 (EGS)** |
| ) | |
| INSUN S. HOFGARD, *et al.*           ) | |
| ) | |
| Defendants           ) | |
| _____) | |
| ) | |
| INSUN S. HOFGARD, *et al.*           ) | |
| ) | |
| Third-Party Plaintiffs           ) | |
| ) | |
| v.           ) | |
| ) | |
| EDWIN AGUIRRE ARGUETA, *et al.*           ) | |
| ) | |
| Third-Party Defendants           ) | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF
MOTION TO ENFORCE SETTLEMENT AGREEMENT**

Plaintiff Jennifer Headley ("Headley"), by her undersigned counsel, submits this memorandum in support of her Motion to Enforce Settlement Agreement.

**I.     Background**

On July 18, 2014, Headley filed suit against the defendants, Insun Hofgard and Jefferson Hofgard (the "Hofgards"), in the Superior Court for the District of Columbia, alleging violations of the D.C. Consumer Protection Procedures Act (Count I), intentional misrepresentation (Count II), breach of contract (Count III), and unjust enrichment (Count IV). The defendants removed the case to this Court and filed a third-party claim against EA Contractor Inc. (later dismissed by consent), Edwin Argueta and Abilio Argueta. Headley

subsequently amended her complaint to add a negligence claim (Count V). On December 16, 2014, an order of default was entered against Abilio Argueta due to his failure to file a responsive pleading.

The remaining parties all agreed to early mediation before engaging in discovery. The parties, and their counsel, participated in mediation for several hours on April 15, 2015 with Magistrate Judge Alan Kay. At the end of the mediation, Judge Kay presented each side with terms that he believed might resolve the case. The parties agreed to end the mediation to privately consider the proposed terms.

On April 17, 2015, counsel for the plaintiff advised Judge Kay that she accepted the proposed terms of settlement. On or about May 1, 2015, counsel for the defendants and third-party defendant notified Judge Kay of their acceptance of the settlement terms.

Thereafter, counsel for the parties worked privately together, outside of the Court's mediation, to finalize their agreement. Counsel for the defendants and third-party defendant drafted a settlement agreement, which was transmitted via e-mail to plaintiff's counsel on May 6, 2015. *See* Exhibit 1, to be presented for review *in camara* or under seal. The next day, May 7, plaintiff's counsel sent a revised draft to counsel for the defendants and the third-party plaintiff with a few changes. *See* Exhibit 2, to be presented *in camara* or under seal. On May 8, counsel for the defendants sent another draft of the agreement by e-mail that accepted most of the changes requested by the plaintiff. *See* Exhibit 3, to be presented *in camera* or under seal. That evening, plaintiff's counsel responded via e-mail with a final draft of the agreement that included minor changes to the provisions in the agreement. *See* Exhibit 4 to be presented *in camara* or under seal. In subsequent additional e-mails that

evening, counsel for the defendants and third-party defendant responded favorably about finalizing the settlement. *See* Exhibits 5, 6 and 7, to be presented *in camera* or under seal.

On May 7, 2015, the Office of the Attorney General, on behalf of the District of Columbia, filed a complaint against the Hofgards for violations of the Consumer Protection Procedures Act and the District's Construction Codes (Case No. 2015 CA 003354 B). The District's complaint seeks an injunction to, *inter alia*, restrain the Hofgards from conveying residential properties in the District that are not in compliance with applicable laws and regulations or lacking permits and inspection approvals and from using third party-inspectors. The complaint also seeks civil fines and restitution for each consumer harmed by the defendants' violations of the Consumer Protection Procedures Act.[1]

After the Hofgards became aware of the District's complaint, they hired new counsel to represent them. Upon information and belief, such counsel advised the Hofgards not to sign the settlement agreement to resolve this matter. As a result, the Hofgards refuse to finalize the settlement agreement that was negotiated and agreed upon by the parties.

Counsel of record in this matter all acknowledge that a settlement of all material terms was reached by the parties. Further, counsel for the third-party defendant also intends to seek enforcement of the settlement agreement. The only hold-outs are the Hofgards.

**II.  Argument**

In a 2000 decision, the D.C. Court of Appeals summarized the law regarding the enforcement of settlement agreements:

> "Generally, settlement agreements are determined according to principles of contract law." *Sims v. Westminster Investing Corp.*, 648 A.2d 940, 942 (D.C. 1994). A valid

---

[1]  Additionally, two other private lawsuits alleging fraud by the Defendants were filed in D.C. Superior Court. One on April 29, 2015 (Case No. 2015 CA 003141 B), which was removed to this Court on May 22, 2015 (Case No. 1:15-cv-00764-APM). The other on May 20, 2015 (Case No. 2015 CA 003713 B).

> and enforceable contract requires "both (1) agreement as to all material terms, and (2) intention of the parties to be bound." *Id.* (citations omitted) (quoting *Georgetown Entertainment Corp. v. District of Columbia*, 496 A.2d 587, 590 (D.C. 1985)). There must thus be an honest and fair "meeting of the minds" as to all issues in a contract. *See Estate of Taylor v. Lilienfield*, 744 A.2d 1032, 1035 (D.C. 2000). More precisely put, the parties to a putative contract must intend the words and acts which constitute their manifestation of assent. *See Hart v. Vermont Investment Ltd. Partnership*, 667 A.2d 578, 582-83 (D.C. 1995). We adhere to the "objective law" of contracts, meaning that the language of the agreement as it is written governs the obligations of the parties unless that language is unclear or there is fraud, duress, or mutual mistake. *See Capital City Mortgage Corp. v. Habana Village Art and Folklore, Inc.*, 747 A.2d 564, 567 (D.C. 2000); *Hart*, 667 A.2d at 582.

*Simon v. Circle Assocs.*, 753 A.2d 1006, 1012 (D.C. 2000). This applicable law from *Simon* was cited with approval by this Court in *Perles v. Kagy*, 473 F.3d 1244, 1249 (D.C. 2007). *See also Samra v. Shaheen Bus. & Inv. Group, Inc.,* 355 F.Supp. 2d 483 (D.C. 2005) (granting motion to enforce settlement agreement that required payment of $150,000 to plaintiff).

When applying D.C. law to this case, the written agreements and e-mails exchanged between counsel for the parties over several days in May demonstrate that: a) the parties reached an agreement on all material terms; and b) the parties intended to be bound. Only a few non-material terms were being discussed at the time the Hofgards refused to complete the settlement. The only reason the agreement was not finalized and signed was the intervention of the Hofgards' new attorney. Based on his advice, the Hofgards suddenly decided it was not in their best interests to proceed with the settlement. Yet that should not excuse the Hofgards from the valid agreement reached by the parties through their counsel of record. Rather, in the interest of judicial efficiency and pursuant to the aforementioned principles of contract law, this Court should enforce the parties' settlement agreement.

WHEREFORE, Plaintiff Jennifer Headley respectfully requests:

1) an order enforcing the settlement agreement reached between the parties; and

2) such other and further relief as law or equity may require.

Date: June 15, 2015                                    Respectfully submitted,

     */s/ Michael G. Campbell*
Michael G. Campbell
DC Bar No. 977584
Miller, Miller & Canby
200B Monroe Street
Rockville, MD 20850
(301) 762-5212
mgcampbell@mmcanby.com

*Counsel for Plaintiff*

**Certificate of Service**

I HEREBY CERTIFY that a copy of the foregoing memorandum was served by ECF on this 15th day of June 2015, upon the following:

Howard S. Stevens, Esq.
Pascale Stevens LLC
2700 Lighthouse Point East, Suite 320
Baltimore, MD 21224
*Counsel for Defendants*

Robert E. Worst
Kalbaugh, Pfund & Messersmith, P.C.
3950 University Drive, Suite 204
Fairfax, Virginia 22030
*Counsel for Third-Party Defendant*

*/s/ Michael G. Campbell*
Michael G. Campbell